**Robert R. GREGORY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 15A01–0708–CR–348.

Supreme Court of Indiana.

Feb. 4, 2009.

*PUBLISHED ORDER DENYING TRANSFER*

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a Memorandum Decision by the Court of Appeals. *See Gregory v. State,* 885 N.E.2d 697 (Ind.Ct.App.2008).

The Court has reviewed the decision of the Court of Appeals. The submitted record on appeal, all briefs that were filed in the Court of Appeals, and all materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Being duly advised, the Court now DENIES the appellant's petition to transfer jurisdiction.

The Clerk is directed to send a copy of this order to the Public Defender of Indiana; to the Attorney General of Indiana; and to counsel of record. The Clerk is also directed to post this order to the Court's website, and Thomson/West is directed to publish a copy of this order in the bound volumes this Court's decisions.

SULLIVAN and BOEHM, JJ., concur.

RUCKER, J., dissents with opinion, in which DICKSON, J., joins.

RUCKER, Justice, dissenting.

Certain tactics the prosecutor used during *voir dire* in this case were improper, amounted to misconduct, and should be disapproved. I acknowledge the appellant has not raised this issue in his transfer petition, but it is sufficiently important to warrant this Court's attention. Therefore I dissent from the denial of transfer.

Robert R. Gregory, Jr., was charged with manufacturing methamphetamine as a Class B felony and conspiracy to manufacture methamphetamine as a Class B felony. A jury found him guilty as charged. Gregory appealed raising four claims, all of which the Court of Appeals rejected. On its own motion the court vacated the conspiracy conviction on double jeopardy grounds. *See Gregory v. State,* 885 N.E.2d 697 (Ind.Ct.App.2008). One of the issues Gregory raised on appeal was phrased as follows: "Did the Prosecutor commit misconduct by making prejudicial statements about the dangers of methamphetamine?" Appellant's Br. at 15.

The essential facts are these. At the beginning of *voir dire* and over Gregory's objection the prosecutor read the jury a poem about methamphetamine:

... The title of the poem is "My Name is Meth." I destroy homes, I tear families apart, I take your children, and that's just the start. I'm more costly than diamonds, more precious than gold, the sorrow I bring is a sight to behold ... if you need me, remember I'm easily found. I live around you in schools and in town. I live with the rich, I live with the poor. I live down the street, maybe next door. I'm made in a lab, but not like you think. I can be made under the kitchen sink. I have many names, but

there's one you know best. I'm sure you've heard of me, my name is meth. My power is awesome. Try me, you'll see. But if you do, you may never break free.

Tr. at 90, 93. The Court of Appeals' majority concluded, "The reading of the poem was not misconduct." *Gregory*, 885 N.E.2d at 707. Although concluding Gregory was not placed in a position of grave peril that justified a new trial, Judge Kirsch had this to say in a separate opinion:

> The poem read by the prosecutor to the jury during *voir dire* was not aimed at determining juror attitudes. It was not geared to determine whether the jury could render a fair and impartial verdict. Nor was it intended to determine whether any juror had an opinion, bias or belief that would affect her or his determination of the issues. As a result, I believe the trial court abused its discretion in allowing the reading.

*Gregory*, 885 N.E.2d at 709 (Kirsch, J., concurring in part and concurring in result in part). I agree with Judge Kirsch. And I would go further and say the prosecutor engaged in misconduct.

We have condemned the practice of "permitting counsel to 'brainwash' or attempt to condition the jurors to receive the evidence with a jaundiced eye." *Robinson v. State*, 266 Ind. 604, 365 N.E.2d 1218, 1222 (1977). And in *Perryman v. State*, 830 N.E.2d 1005 (Ind.Ct.App.2005), the Court of Appeals reversed the defendant's convictions for possession of cocaine as a Class A felony and possession of marijuana as a Class A misdemeanor because of im-

proper *voir dire* tactics. Among other things, the court agreed that the prosecutor asked the jurors questions that were characterized as "[inculcating] the jurors with the notion that they were fighting the ongoing war against drugs." *Id.* at 1010.[1] I see little daylight between the prosecutor's conduct in *Perryman* and the prosecutor's conduct here. Although I agree that in this case the defendant is not entitled to a new trial, the conduct exhibited by the prosecutor nonetheless should be disapproved. In all other respects I would summarily affirm the opinion of the Court of Appeals.

DICKSON, J., concurs.

---

1. "For example, the prosecutor asked the jurors 'You think drugs are a scary problem here in the county?' and 'Are you in agreement that, essentially, it's one of the biggest problems that we have in this county?' He stated 'Things like theft, robbery, battery, people doing things to one another. It's all relat-ed [to drugs].' He asked 'What do you think would happen if we just said the heck with it, we're not going to try to stop [the drug war]' and 'so, we need people out there on the front lines, so to speak fighting that war?' " *Perryman*, 830 N.E.2d at 1010 (internal citations omitted).